FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 JUL 10 P 3: 57

CLERK'S OFFICE
AT BALTIMORE

BY_____ _. ___ .' ____ '/



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Judson T. Mihok*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4903*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Judson.Mihok@usdoj.gov*

June 11, 2012

Douglas Miller
Office of the Federal Public Defender
 for the District of Maryland
100 South Charles Street
Tower II, Suite 1100
Baltimore, MD 21201

     Re:    <u>United States v. Robert Jay Hudson II</u>, RDB 12-0118

Dear Mr. Miller:

     This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on June 25, 2012, it will be deemed withdrawn.

     The terms of the agreement are as follows:

Offense of Conviction

     1.    The Defendant agrees to plead guilty to Count Four of the Indictment now pending against him which charges him with Possession of Child Pornography, in violation of 18 U.S.C. §§2252A(a)(5)(B) and (b)(1). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

     2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

     a.    That on or about November 16, 2011, in Maryland, the Defendant knowingly

possessed a visual depiction;

     b.     That the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

     c.     That the visual depiction was a minor engaged in sexually explicit conduct; and

     d.     That the Defendant knew of the sexually explicit nature of the material and that the visual depictions were of minors engaged in that sexually explicit conduct.

## Penalties

3.     The maximum sentence provided by statute for the offense to which your client is pleading guilty is not more than (10) years, followed by a term of supervised release of not more than life and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed

4.     The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

5.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

     a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

     b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

## Advisory Sentencing Guidelines Apply

        6.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

7.     This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

  a. The base offense level is eighteen (18) pursuant to USSG §2G2.2(a)(1).

  b. Pursuant to USSG §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

  c. Pursuant to USSG §2G2.2(b)(3)(B), there is a five (5) level increase because the offense involved distribution for the receipt or expectation of receipt of a thing of value.

  d. Pursuant to USSG §2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

  e. Pursuant to USSG §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images exceeds 600.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated base offense level is 29.

8.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.     This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines (other than those stated in ¶ 6, supra) will be raised or are in dispute.

## Plea Agreement Pursuant to Rule 11(c)(1)(C)

10.     The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), **a sentence of between 87 months and 108 months imprisonment in the custody of**

the Bureau of Prisons to be followed by ~~lifetime~~ supervised release is the appropriate *of between fifteen (15) years and life* disposition of this case. The parties jointly recommend and agree that a sentence within this range is in the interests of justice. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A). At the time of sentencing, the United States Attorney's Office will recommend a sentence of between 87 months and 108 months, as well as ~~lifetime of~~ supervised release *of between fifteen (15) years and life.*

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **108 (One hundred and eight) months**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **87 (eighty-seven) months** or does not include ~~lifetime~~ supervised release *of at least fifteen (15) years.*

c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

5

## Obstruction or Other Violations of Law

13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

14. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Forfeiture

15. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence and vehicle on April 27, 2011 and November 15-16, 2011, including, but not limited to: a Gateway GM5640E Desktop (s/n CCV79J1000860), with accompanying Seagate 250 GB hard disk drive (s/n 6QE1RFJX); an Onyx 2 GB media player (model

6

0807K); a Dell Inspiron N4110 laptop computer with accompanying Seagate hard disk drive (s/n 5WR023JV); and a Dane Elec USB drive. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

## Restitution

16.     For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Entire Agreement

17.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney


I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.


6/13/12
Date

Robert Jay Hudson II


I am Mr. Hudson's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.


6/13/12
Date

Douglas Miller, Esq.

8

## EXHIBIT A
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Robert Jay Hudson II, age 24, is a resident of Gambrills, Maryland.

On April 27, 2011, an individual accessed the Defendant's computer with his prior approval while the Defendant was at work and discovered images of child pornography. After notifying the Anne Arundel County Police Department, officers secured a search warrant and executed it at the Defendant's residence. Pursuant to that search warrant, the officers seized several items, including but not limited to, the following: a Gateway GM5640E Desktop (s/n CCV79J1000860), with accompanying Seagate 250 GB hard disk drive (s/n 6QE1RFJX); and an Onyx 2 GB media player (model 0807K). Subsequent forensic analysis of these items resulted in the recovery of image and video files that depicted minors engaged in sexually explicit conduct, to include images of prepubescent children in diapers and adults engaged in acts of sadistic and masochistic conduct with the children. The images had been downloaded from the Internet and remained stored on the Defendant's computer and media player, which were also manufactured outside the state of Maryland. Officers also seized diapers, both new and soiled, which the Defendant had masturbated in, as well as pairs of children's underwear, baby bottles, and other baby paraphernalia.

While the search warrant was being executed at his residence, the Defendant was at work at a nearby retail store. Prior to returning to his residence at the end of his shift, the Defendant learned that a search warrant was being executed at his residence in connection with child pornography. Rather than return to his residence at that time, the Defendant left the area and was next found in the median of Route 3 in Crofton, MD, and indicated that he was waiting for a truck to come along so

he could commit suicide. The Defendant was transported for a mental health/welfare check and then released while the forensic analysis of the items seized from his residence was being completed. Subsequently, the Defendant moved to a new residence.

On November 15, 2011, the Defendant was at his new residence and using a computer that was logged on to the Internet and running a publicly available peer-to-peer ("P2P") file sharing program using the user name "rjhudson." On that date, a Maryland State Police Trooper, using an undercover computer, downloaded a number of image and video which contained visual depictions of minors engaging in sexually explicit conduct, from the Defendant on that network. Two of those files are described as follows: (1) "4yo_goddess05.jpeg", an image file which depicts a prepubescent female performing oral sex upon a partially nude adult male; and (2) "(pedo boy) Toddler rape.avi", a video file, approximately 1 minute and 59 seconds in length, which depicts an adult male removing a male infant's diaper and masturbating the minor and then engaging in anal intercourse with the infant.

Beginning on November 15 and continuing again on November 16, 2011, the Defendant engaged the undercover Maryland State Police Trooper in chats regarding his sexual interest in children. For example, the Defendant wrote that: he liked "kids with diapers toddlers preteens anal and deflowering" and that he had been into kids a very long time. After sharing and discussing files that the Defendant sent to the undercover Maryland State Trooper, the chat focused on arrangements to meet in person so that the undercover Maryland State Trooper could provide the Defendant digital storage media that the Defendant believed would contain child pornography. The Defendant met with the undercover Maryland State Trooper and received what he believed to be digital storage media containing child pornography, at which time he was arrested. After being arrested, the Defendant was advised of his rights pursuant to Miranda and voluntarily, intelligently and knowingly

waived those rights and agreed to be interviewed, which was audio recorded. The Defendant stated in sum and substance, that he had a diaper fetish, that he enjoyed both watching children engaged in sexually explicit conduct wearing diapers and wearing diapers himself to masturbate in while watching child pornography. The Defendant also acknowledged that he had been the target of the Anne Arundel County child pornography investigation in April and that he was still actively involved with distributing, downloading, sorting and saving child pornography.

Based on the above information, Maryland State Police applied for a search warrant for the Defendant's vehicle and residence, which was granted and executed on November 16, 2011. Pursuant to the search warrant, Maryland State Police Department personnel seized and subsequently forensically examined the following (among other) items: a Dell Inspiron N4110 laptop computer with accompanying Seagate hard disk drive (s/n 5WR023JV); and a Dane Elec USB drive. The a Dane Elec USB drive contained visual depictions of minors engaged in sexually explicit conduct and the Dell Inspiron Laptop had been used to download and save said images, as well as chat and discuss same with the undercover Maryland State Trooper. The images depicted prepubescent minors, under the age of 12, engaged in sexually explicit conduct. There were approximately 627 images and 144 videos of minors engaged in sexually explicit conduct, which included sadistic or masochistic conduct, or other depictions of violence.

The Defendant sought out these visual depictions on the Internet and knowingly made them available for others to download, thereby distributing the images, using the P2P network. The Defendant knew the images depicted minors engaged in sexually explicit conduct; in addition, the images had traveled in interstate or foreign commerce.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

6/13/12
Date

Robert Jay Hudson II